By the Court.—Freedman, J.
The judgment entered in this court against John M. Schmidt and F. W. Specht, as sureties upon the undertaking, was regularly recovered. The appeal book discloses no error or irregularity in the proceedings, or other reason for which the appellants could ask to have it vacated as matter of right.
The motion for relief and for a new trial was therefore addressed solely to the discretion of the court.
By the undertaking in question the obligors bound *392 themselves that if Edward F. Wettig, the defendant in the action brought in the court of common pleas, should recover judgment therein, Frederick C. Moltz, the plaintiff, would pay all costs which might be awarded to said defendant, and all damages which he might sustain by reason of the arrest; and when, in consequence of the dismissal of the plaintiff’s complaint for want of prosecution, the defendant Wettig did recover a judgment for costs, and Moltz failed to pay the same, the obligors who had executed the undertaking became prima facie liable. But this liability is not an absolute one, if the judgment thus recovered by Wettig does not represent a final determination of the rights of the parties to that action.
As long as the parties acquiesced in it, no obstacle existed to the prosecution of a suit upon the undertaking. The court of common pleas, however, had the power, in its discretion, to vacate the judgment and to allow the plaintiff to come in and prosecute, and for cause shown this power was exercised and the judgment vacated. If this had happened before the commencement of the action in this court, the appellants, upon being sued, could have set it up by answer as a defense. If it had happened after issue joined, ihe court might have allowed them to set it up by way of supplemental answer. It happened, however, after the recovery of the judgment in this court. This circumstance constituted no bar to the motion made below, butronly went to the question of terms.
In my judgment, relief in some form should have been granted. Sureties are always entitled to equitable protection, and they should not be compelled to pay in a case in which their principal is under no liability. Even in the case of a suit brought on an undertaking on appeal to the general term, where, under the provisions of the former Code, as they existed prior to 1862, the fact of the perfection of a further appeal to *393 the court of appeals, and the procurement of a stay thereby, in the original action, could not be pleaded in bar or in abatement of the action on the undertaking, the sureties were usually relieved by an order staying proceedings in the latter action.
In the case at bar not only was the judgment against Moltz, the plaintiff, vacated by the court of common pleas, and the plaintiff allowed to come in and prosecute, but the action was thereupon prosecuted to a final determination, and such prosecution resulted, as was conceded on the argument, in a judgment for said plaintiff. The judgment in the court of common pleas could be vacated on the motion of Moltz only, and as soon as it was vacated Schmidt made an application to this court, in which Moltz joined. Ho laches are attributable to Schmidt, because, as long as the judgment against Moltz remained upon the record, he could nob move. But when Moltz was relieved, Schmidt, in equity, became entitled to relief to the same extent.
The order appealed from should be reversed Avith costs, and the motion for the vacation of the judgment and for a new trial should be granted upon payment, of the costs of the action, less the costs of this appeal, with leave to the appellants to make and file a supplemental ansAver, setting forth the vacation of the judgment by the court of common pleas, and with leave to the plaintiff to discontinue the action, without costs, if he should be so advised.
Speir, J., concurred.